RECORD NO. 16-4835

IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

ROBERT DONEIL CLYBURN, JR., a/k/a Rob C.,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE

**OPENING BRIEF OF APPELLANT**
**ROBERT DONEIL CLYBURN, JR.**

Matthew Collin Joseph
ATTORNEY AT LAW
725 East Trade Street
Suite 100, Court Arcade Building
Charlotte, North Carolina 28202
(704) 335-8686
butlerlawoffice@aol.com

*Counsel for Appellant*

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

# TABLE OF CONTENTS

Pages

TABLE OF AUTHORITIES ..................................................................... ii

STATEMENT OF SUBJECT MATTER JURISDICTION
AND APPELLATE JURISDICTION ......................................................1

STATEMENT OF THE ISSUES........................................................................2

STATEMENT OF THE CASE..........................................................................3

STATEMENT OF FACTS ................................................................................4

SUMMARY OF ARGUMENT ..........................................................................6

STANDARD OF REVIEW ...............................................................................7

ARGUMENT ....................................................................................................7

I. Whether under U.S.S.G § 4A1.2(a)(1) the District Court erred at the Defendant-Appellant's sentencing hearing by assessing three (3) additional criminal history points after determining that the conduct involved in his prior drug convictions during the time period of the conspiracy was not a part of the instant offense. ....................................................................7

DISCUSSION OF THE ISSUES....................................................................11

CERTIFICATE OF COMPLIANCE.............................................................12

CERTIFICATE OF SERVICES ....................................................................13

# TABLE OF CASES AND AUTHORITIES

Page

**CASES**

*Maye v. United States*,
2016 U.S. Dist. LEXIS 96702 (E.D.N.C. May 26, 2016) ..................................

*United States v. Allen*,
446 F.3d 522, 2006 U.S. App. LEXIS 11193 (4th Cir. 2006)............................

*United States v. McManus*,
23 F.3d 878, 1994 U.S. App. LEXIS 10188 (4th Cir. 1994)...............................

**STATUTES**

18 U.S.C. § 922(g)(1)..........................................................................................

18 U.S.C. § 3231 ..................................................................................................

21 U.S.C § 841(a)(1)............................................................................................

21 U.S.C § 841(b)(1)(A) ......................................................................................

21 U.S.C. § 841(b)(1)(B) .....................................................................................

28 U.S.C. § 1291 ..................................................................................................

**SENTENCING GUIDELINES**

U.S.S.G § 1B1.3....................................................................................................

U.S.S.G § 4A1.1....................................................................................................

U.S.S.G § 4A1.2(a)(1) .........................................................................................

**RULES**
Rule 3(a) of the Federal Rules of Appellant Procedure.............................................

**STATEMENT OF SUBJECT MATTER JURISDICTION AND APPELLATE JURISDICTION**

This is an appeal from a sentence imposed on November 29, 2016 by the Honorable United States Senior District Court Judge Frank D. Whitney after a guilty plea to Count 2, Cocaine Conspiracy (21 U.S.C § 841(a)(1) & (b)(1)(A)), Count 24 Possess With Intent to Distribute Cocaine (21 U.S.C. § 841(a)(1) and (b)(1)(B)) and Count 48, Possession of Firearm By Felon (18 U.S.C. § 922(g)(1)) in the United States District Court for the Western District of North Carolina, Charlotte Division. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 over this direct appeal of a final judgment in a criminal case. The district court had jurisdiction over the case pursuant to 18 U.S.C. § 3231. Pursuant to Rule 3(a) of the Federal Rules of Appellant Procedure this appeal was taken as a matter of right by filing a timely notice of appeal with the district court clerk.

## STATEMENT OF THE ISSUES

I. **Whether under U.S.S.G § 4A1.2(a)(1) the District Court erred at the Defendant-Appellant's sentencing hearing by assessing three (3) additional criminal history points after determining that the conduct involved in his prior drug convictions during the time period of the conspiracy was not a part of the instant offense.**

## STATEMENT OF THE CASE

The Defendant-Appellant, Robert Doneil Clyburn, Jr, was one of ten (10) co-defendants charged in a sixty-seven count Bill of Indictment filed on February 17, 2016 in the Western District of North Carolina. Count 1 charged the Defendant-Appellant with Crack Cocaine Conspiracy, Count 2 with Cocaine Conspiracy, Counts 8, 11, 13, 16, 18, 21, 24 with Possession With Intent to Distribute Crack Cocaine, Counts 7, 26, 46, 47 with Aiding and Abetting, Counts 48 with Possession of a Firearm by a Convicted Felon, and Count 49 with Use or Carry a Firearm During and in Relation to a Drug Trafficking Crime. (JA 10-35) The Defendant-Appellant entered a guilty plea on July 22, 2016 pursuant to a plea agreement before the Honorable U.S. Magistrate Judge David S. Cayer. (JA 55-69)

The Defendant-Appellant appeared before the Honorable Chief U.S. District Court Judge Frank D. Whitney on November 29, 2016 for sentencing. The Defendant-Appellant objected to several issues contained in the presentence report. (JA 151) The government objected to the presentence report findings that Defendant-Appellant's criminal history category was a level III. (JA 150) The government argued that it should be a level V. (JA 82) Despite the argument of counsel for the Defendant-Appellant, the District Court determined that a three (3)

point increase was appropriate and found the Defendant-Appellant's criminal history category to be a level IV. (JA 100)

The District Court subsequently sentenced the Defendant-Appellant to a total term of imprisonment of 121 months. (JA 111) The Defendant-Appellant filed a written notice of appeal with the district clerk on December 9, 2016. (JA 96)

## STATEMENT OF FACTS

The Defendant-Appellant pled guilty pursuant to a plea agreement to Count 2, Cocaine Conspiracy (21 U.S.C § 841(a)(1) & (b)(1)(A)), Count 24 Possess With Intent to Distribute Cocaine (21 U.S.C. § 841(a)(1) and (b)(1)(B) and Count 48, Possession of Firearm by Felon (18 U.S.C. § 922(g)(1)). The Presentence Investigation Report in this case was prepared by Senior U.S. Probation Officer Jenniffe S. Inman on September 15, 2016. (JA 127) She determined that the Defendant-Appellant's criminal history category was a level III. (JA 140) According to the presentence report, the Defendant-Appellant was convicted of three (3) counts of Possession with Intent to Sell/Deliver Cocaine, and two (2) counts of Trafficking in Cocaine (by possession and by manufacture) on February 19, 2009 in Union County Superior Court, Union County, North Carolina. All charges were consolidated for sentencing. (JA 137-138) The time frame for the

conspiracy in which the Defendant-Appellant admitted involvement was "[f]rom on or about May of 2003 through on or about November 10, 2015, in Union County, within the Western District of North Carolina…" (JA 10) Because these prior convictions occurred during the period of the conspiracy, Ms. Inman did not assess any criminal history points. (JA 137-138)

Assistant United States Attorney Jennifer Dillon filed objections to the presentence report on September 28, 2016 arguing that there was no evidence that the Defendant-Appellant was involved in the conspiracy until 2013 and therefore, he should receive criminal history points for these prior drug convictions. Ms. Dillon alleged that the Defendant-Appellant's criminal history category should be a level V. (JA 82) Ms. Inman did note in her final presentence report that their office "received a statement from the defendant in which he admits to entering the conspiracy in 2004" and therefore she did not assess any criminal history points based on the government's objections. (JA 150)

At the sentencing hearing, Ms. Dillon expounded on her objection to the presentence report. She explained that the government did have cooperators that told them the Defendant-Appellant was involved in selling drugs prior to 2013 and as early as 2001 which was prior to the beginning of this conspiracy. However, she explained that she chose not to hold him responsible for any of those drug amounts because of his age. (JA 80-81) Counsel for the Defendant argued that

just because the government chose not to hold the Defendant-Appellant responsible for any drug amounts prior to 2013, doesn't mean that these prior drug convictions from 2009 in the same geographical area, is not conduct that was part of the instant offense. (JA 83, 85-86) The Honorable Chief U.S. District Court Judge Frank D. Whitney decided that the Defendant-Appellant would either get criminal history points for the 2009 conviction or be held responsible for the drug amounts from the time period prior to 2013. (JA 89) Ultimately, Judge Whitney assessed the additional points for the 2009 drug convictions and determined that the Defendant-Appellant's criminal history category should be a level IV. (JA 100)

## SUMMARY OF THE ARGUMENT

The District Court erred by finding that the Defendant-Appellant criminal history category level of III as determined by the presentence report was incorrect. The instant offense was a drug conspiracy that went on from about May of 2003 to November 10, 2015 in Union County, North Carolina. The Defendant's prior 2009 drug convictions were also in Union County, North Carolina. These offenses are not severable. According to U.S.S.G § 4A1.1 criminal history points should only be assessed for a prior sentence. Under U.S.S.G § 4A1.2(a)(1), a "prior sentence" is defined as "any sentence previously imposed…for conduct not part of the instant offense." The government had evidence that the Defendant-Appellant was selling

drugs prior to 2013 but chose not to hold him responsible for any drug amounts prior to 2013. This does not change the fact that the conduct involved in the 2009 drug convictions was part of the instant offense. The District Court committed clear error by assessing three (3) points for the drug convictions in 2009.

## STANDARD OF REVIEW

According to *United States v. Allen*, 446 F.3d 522, 2006 U.S. App. LEXIS 11193 (4th Cir. 2006), "[i]n assessing a challenge to a sentencing court's application of the Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo.

## ARGUMENT

II. **Whether under U.S.S.G § 4A1.2(a)(1) the District Court erred at the Defendant-Appellant's sentencing hearing by assessing three (3) additional criminal history points after determining that the conduct involved in his prior drug convictions during the time period of the conspiracy was not a part of the instant offense.**

Under U.S.S.G § 4A1.2(a)(1), a "prior sentence" is defined as "any sentence previously imposed…*for conduct not part of the instant offense*." Furthermore, "[c]onduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct)." (quoting *Moye v. United States*, 2016 U.S. Dist. LEXIS 96702 (E.D.N.C. May 26, 2016) So… "the appropriate inquiry [must be] whether the 'prior sentence' and the

present offense involve conduct that is severable into two distinct offenses. This is necessarily a fact-specific inquiry that involves more than just a consideration of the elements of the two offenses." *United States v. McManus*, 23 F.3d 878, 1994 U.S. App. LEXIS 10188 (4th Cir. 1994). Also, according to *Moye*, "the fact that the state offense conduct may have occurred during the charged conspiracy time frame, standing alone, is insufficient to qualify it as relevant conduct." It must also be shown that the state offense conduct relates to the charged conspiracy on the basis of the "geographical proximity of the two offenses, common victims, and a common criminal plan or intent." *Id*.

Assistant United States Attorney Jennifer Dillon argued at the Defendant-Appellant's sentencing hearing that his criminal history category of III, as determined by the presentence report, was incorrect. She argued that he should have received criminal history points for his 2009 convictions since they were not related to the conspiracy. She did acknowledge that their cooperators provided them information that the Defendant-Appellant was selling drugs as possibly as early as age 12 which would have been prior to the start of this conspiracy. (JA 80-82) She further argued that despite this information, she did not want to hold him responsible for any drug amounts when he was a minor. (JA 86) Counsel for the Defendant-Appellant acknowledged this to the Court. (JA 83) However, this does not mean that these prior offenses were severable into two (2) distinct

offenses. In fact, counsel for Defendant-Appellant argued that they were related and part of the same conspiracy. Counsel said,

> As Your Honor is aware, this is Union County. This is Monroe, North Carolina, a very small area. There is a small likelihood that a conviction for selling drugs -- three different convictions for selling drugs during a period of 2007 and 2008 were not related to this conspiracy, especially if he joined this conspiracy, as they allege, in 2013. These were a lot of the same individuals, a lot of the same offenses… I'm arguing that it's unlikely that his actions for these prior drug convictions were not part of this conspiracy. This is the same area. It's Monroe, North Carolina. (JA 83-85)

When you look at the geographical proximity of the instant offense and the Defendant-Appellant's prior drug convictions, it was the same isolated area in Monroe, Union County, North Carolina. It involved a number of co-defendants that knew each other for an extended period of time; in a lot of cases since childhood. These factors along with the government's admission that there was information provided that the Defendant-Appellant had been selling drugs since a young age which was prior to the conspiracy all show that the offenses were not severable. Furthermore, even though the prior convictions were consolidated for sentencing in 2009, they were three (3) separate offenses within Monroe, Union County, North Carolina. The conviction date for these offenses were also well within the heart of this conspiracy. (JA 137-138)

After inquiry from the Honorable United States Chief District Court Judge Frank D. Whitney, Ms. Dillon said "[w]hat we were arguing originally, Your Honor, is that that they [2009 prior drug convictions] are not part of the same conspiracy. (JA 84) Judge Whitney then asked defense counsel "[s]o you are saying that this is the same conspiracy?" Defense counsel replied "[y]es, Your Honor. (JA 85) Judge Whitney then responded, "[w]ell, then, you can't … have it both ways though…doesn't all this dope [prior to 2013] get added into the [total] drug amount?" (JA 85) Judge Whitney determined that either the points for the 2009 conviction would count, or the drug amounts for the time period that the government agreed would not apply, would be assessed to the total drug amounts. (JA 89)

It was never negotiated by either party that it would be either criminal history points for the 2009 convictions or drug amounts for that time period. Counsel for the Defendant-Appellant and the government are open to negotiating an agreement regarding drug amounts. Even if there is an agreement about a specific drug amount, that does not negate the fact that a conviction from that time period is still conduct that is part of the instant offense. As counsel for the Defendant-Appellant argued, "my review of the case law I didn't see specifically where it says that if they don't hold him responsible for an amount during that time period doesn't necessarily means that that's not…related [to this conspiracy]." (JA

85-86) Despite arguments from defense counsel, Judge Whitney determined that the Defendant-Appellant "either gets higher criminal history points or he gets -- or he gets more dope over on the offense level versus criminal history points." (JA 89) The Defendant-Appellant contends that this was clear error by the District Court. The District Court sentenced the Defendant-Appellant as a criminal history category of IV based on three (3) additional points for the 2009 drug conviction. (JA 100) The additional three (3) points should not have been assessed and the Defendant-Appellant should have been sentenced as a criminal history category III as found in the presentence report.

## **CONCLUSION**

Defendant-Appellant contends that the District Court committed clear error by assessing three (3) additional points for his 2009 drug convictions pursuant to U.S.S.G § 4A1.2(a)(1). The convictions occurred during the time period of the instant offense. Both the instant offense and the prior convictions were drug offenses from Union County, North Carolina. The offenses were not severable and therefore related. For the foregoing reasons, the Defendant-Appellant respectfully urges the Court to reverse the decision of the District Court.

This the 3rd day of March, 2017.

Respectfully submitted,

/s/ Matthew Collin Joseph
Matthew Collin Joseph
ATTORNEY AT LAW
725 East Trade Street
Suite 100, Court Arcade Building
Charlotte, North Carolina 28202
(704) 335-8686
butlerlawoffice@aol.com

*Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because the brief contains 2,288 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and was prepared in Microsoft Word, Times New Roman, 14 point, a proportionally spaced font.

This the 3rd day of March, 2017.

/s/ Matthew Collin Joseph
Matthew Collin Joseph
ATTORNEY AT LAW
725 East Trade Street
Suite 100, Court Arcade Building
Charlotte, North Carolina 28202
(704) 335-8686
butlerlawoffice@aol.com

*Counsel for Appellant*

## CERTIFICATE OF SERVICE

I, Matthew C. Joseph, do hereby certify that I have filed the required copies of the foregoing Opening Brief of Appellant electronically using the Court's CM/ECF system which will send notification of such filing to:

Ms Amy Ray
Assistant United States Attorney
100 Otis Street
Asheville, NC 28801
Email: amy.ray@usdoj.gov

This the 3rd day of March, 2017.

/s/ Matthew Collin Joseph
Matthew Collin Joseph
ATTORNEY AT LAW
725 East Trade Street
Suite 100, Court Arcade Building
Charlotte, North Carolina 28202
(704) 335-8686
butlerlawoffice@aol.com

*Counsel for Appellant*